IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



**MARK PATTERSON**                                                                                     **PLAINTIFF**

VS..                                                                  CIVIL ACTION NO. 3:14cv657 HTW-LRA

**CITY OF FOREST MISSISSIPPI, AND
WILL JONES, CHIEF OF POLICE, FOREST MISSISSIPPI IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES, AND
MAGGIE MOORE-DIXON, IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES, AND
DUANE HAWKINS IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, AND
DANNY HANDFORD IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES
AND UNKNOWN DEFENDANTS
JOHN AND JANE DOE(S) 1, 2 AND 3**                                           **DEFENDANTS**

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Mark Patterson, by and through legal counsel, and files this his Complaint against the Defendants City of Forest Mississippi, and Will Jones individually and in his official capacity, and Maggie Moore-Dixon individually and in her official capacity, and Duane Hawkins individually and in his official capacity and Danny Handford individually and in his official capacity, who each and in concert with one another, violated the Constitutional rights of the Plaintiff and abused, assaulted and battered the Plaintiff, suffering damages therefrom, and would respectfully show unto the Court, the following, to wit:

## I. INTRODUCTION

01. This action is brought under 42 U.S.C.A. §1983 against a municipality, and against employees thereof in their official and respective individual capacities for violations of the Plaintiff's United States Constitution Fourth and Fourteenth Amendment rights, and for state law claims of civil assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, abuse of process, malicious prosecution, negligence, gross negligence, reckless disregard for the rights, safety and well being of the Plaintiff and, conspiracy to batter and violate the constitutional rights of the Plaintiff, by persons acting under color of state law.

## II. PARTIES

02. Plaintiff Mark Patterson is an adult resident and citizen of Scott County, Mississippi

03. Defendant City of Forest is a municipality of the State of Mississippi, a governmental entity and political subdivision under the laws of the State of Mississippi and may be served with process by service upon Faye Johnston, Municipal Clerk, Forest Mississippi. Defendant City of Forest, Mississippi is charged with the duty to supervise, manage and control its Police Department in order to serve and protect the citizens and visitors within the boundaries of Forest, Mississippi, and to not unlawfully cause them harm; a duty which the City of Forest has violated to the harm of the Plaintiff.

04. Defendant Will Jones, Chief of Police, is an adult resident of Scott County Mississippi and may be served with process of this Court, in his official and individual capacity, pursuant to Fed..R.Civ.P. 4(e), at the Forest, Mississippi Police Department in Forest, Mississippi.

05. Defendant Maggie Moore-Dixon is an adult resident citizen of Scott County, Mississippi and may be found at her residence of 1664 Faulkner Grave Yard Rd., Morton, MS 39117. She may be served with process of this Court in her individual and official capacity pursuant to Fed.R.Civ.P.4(e).

06.   Defendant Duane Hawkins is an adult resident citizen of the State of Mississippi. He may be served with process of this Court in his official and individual capacity at his place of employment at the Magee, MS Police Department, pursuant to Fed. R.Civ.P.4(e).

07.   Defendant Danny Handford is an adult resident of Scott County, Mississippi. He may be served with process of this Court at his place of work at the Forest, MS Police Department, or at his residence located at 266 Futch Rd., Forest, MS 39074, in his official and individual capacity pursuant to Fed.R.Civ.P. 4(e).

08.   Defendants John and Jane Doe(s) 1., 2., and 3., are employees of Defendant Forest, Mississippi, or are other individuals or entities who are unknown to Plaintiff at this time and may be liable, in whole or in part, for the causes of action and damages described herein.

### III. JURISDICTION AND VENUE

09.   This Court has jurisdiction over the parties and subject matter herein, pursuant to 28 U.S.C.A. §1331.

10.   Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391. The Defendant's actions and omissions, collectively and individually, (the occurrences) giving rise to this cause of action, seeking damages for personal injury, took place in Scott County, Mississippi, and elsewhere within the jurisdiction of this Court, and further, individual Defendants reside in Scott County Mississippi, and, Defendant City of Forest is located in Scott County Mississippi.

### IV. FACTS

11.   On or about the 26th day of January, 2014, Plaintiff Mark Patterson, ("Patterson" or "Plaintiff" hereinafter), was, within the city limits of Forest, Mississippi, inside of the Waffle House restaurant ("Waffle House" hereinafter) as a patron during regular business hours.

12.   While in the Waffle House, Patterson had a physical altercation, or incident, involving three employees of Defendant Forest, Mississippi; Defendant Maggie Moore-Dixon, Defendant

3

Duane Hawkins, and Defendant Danny Handford, all then being "on duty" officers of the Forest, Mississippi police department. Acting individually, and as employees, officers and agents of the City of Forest, and as accomplices to each other, in concert and conspiracy with one another, under color of state law, the said three officers physically and unlawfully assaulted, battered and injured the Plaintiff on said occasion. In an effort by the three officers to unlawfully assault, batter and arrest Patterson, Patterson was intentionally and recklessly placed in imminent apprehension of harmful or offensive bodily contact, unlawfully yanked upon, had his arms twisted, dragged, painfully cuffed, thrown to the ground, and brutally struck in the body, head and face, tased and sprayed by the officers who also engaged in other offensive bodily contact with the Plaintiff, though Plaintiff had not threatened the well being or safety of the officers in any way.

13. Defendant Maggie Moore-Dixon initially approached Plaintiff from behind while Plaintiff was sitting at the breakfast bar. Then, for no stated or apparent reason, Maggie Moore-Dixon placed one handcuff on Plaintiff's right wrist, and then, with much force, yanked on the other end of the hand-cuff, pulling Plaintiff's right arm in a backwards motion, turning him backwards off the stool he was sitting on and onto the hard floor. Maggie Moore Dixon then jumped on top of the Plaintiff, screaming at him, telling Plaintiff to "do something, do something", with her closed fist drawn back. Then, without any provocation or threat from the Plaintiff whatsoever, Defendant Maggie-Moore Dixon struck Plaintiff in the head with a closed fist (wearing tactical gloves).

14. After officer Maggie Moore-Dixon unlawfully battered the Plaintiff in the head, officer Duane Hawkins joined in the assault and battery and continued the abuse and battery, repeatedly striking Plaintiff in the head and body with his knee and a closed fist, while Maggie Moore-Dixon stood tacitly by, making no effort to stop the continued brutal attack by Defendant officer Hawkins, as Plaintiff, with one hand cuffed, humiliated and bleeding, lay defenseless on the floor of the Waffle House restaurant.

15. Then, officer Danny Handford, acting individually and in concert with Officer Hawkins and Dixon, under color of state law, unlawfully and excessively sprayed Patterson in the face with a substance which caused Plaintiff great physical and emotional pain and suffering, and then, Defendant officer Duane Hawkins unlawfully tased Plaintiff with a deadly weapon, causing him bodily injury, pain and suffering.

16. The referenced unlawful assault, battery and injury ("battery" or "incident" hereinafter) was an excessive use of force by officers of the Forest, Mississippi Police Department in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

17. In an effort to justify and cover up their unlawful battery upon the Claimant, two officers of the Forest Mississippi Police Department involved in the assault and battery, Maggie Moore-Dixon and Duane Hawkins, falsely charged the Plaintiff with assault upon a law enforcement officer. Upon such charge(s), Plaintiff was unlawfully detained, and falsely imprisoned, behind bars for several days.

18. None of the officers involved have received sufficient training in proper police tactics and use of force, and all have not received adequate supervision. Each officer involved was negligently hired, negligently supervised and negligently retained. Such lack of training, inadequate supervision, negligent hiring and retention proximately caused the injuries to the Plaintiff described herein.

19. In continuing, conspiratorial and concerted efforts to cover up and justify their illegal battery upon the Plaintiff, on or about the 30th Day of January, 2014, two officers of the Forest, Mississippi Police Department appeared in Forest Mississippi Municipal Court and gave false, sworn testimony against the Plaintiff, including, but not limited to one officer, Maggie Moore - Dixon, falsely stating that the claimant attempted to "punch" her and the other officer, Duane Hawkins, falsely testifying that the claimant twice "grabbed" the said male officer's "throat". Such deliberately false testimony

caused the Municipal Judge to find that probable cause existed to continue to hold the Plaintiff in custody until Plaintiff could make bail, thereby damaging the Plaintiff further.

20. Counsel for the Plaintiff has shown video tape of the incident to the City of Forest and thereby proven to the City of Forest that Mark Patterson engaged in no such punching or throat grabbing, and has requested of Chief Will Jones that the criminal charges against Patterson be dropped (See attached **Exhibit "A"** incorporated herein), yet the City of Forests wrongfully refuses to dismiss the false charges brought against Mark Patterson, thereby constituting continuing emotional and mental distress and psychological harm, and inability to gain suitable employment with false, malicious felony criminal charges pending against him.

21. At all times relevant, all named Defendant employees of the City of Forest, Mississippi acted under color of state law, and continue to act or fail to act, under color of state law.

22. At all times relevant, all named employees of the City of Forest were acting within the course and scope of his or her employment with the City of Forest, Mississippi.

23. Alternatively, without waiving the preceding claim that such employees were acting within the course and scope of their employment at all times, such named Defendant employees, were acting outside the course and scope of his or her employment, during the times and events complained of herein.

24. Alternatively, without waiving prior claims, such Defendant employees, were acting within the course and scope of his or her employment during part of the activity and times complained of herein, and, outside of the course and scope of his or her employment during other times and occurrences complained of herein.

## LEGAL CLAIMS

Plaintiff hereby incorporates and adopts by reference all of the allegations and facts set forth in paragraphs 1. through 24. of the complaint and further, collectively and

alternatively, states causes of action including, but not limited to violation of Fourth and Fourteenth Amendment Constitutional rights, negligence, gross negligence, deliberate indifference, reckless disregard, intentional infliction of emotional distress, negligent infliction of emotional distress, assault, battery, false imprisonment, abuse of process, malicious prosecution, and violation of policy, regulatory and statutory duties, as follows, to wit:

## COUNT 1

### VIOLATION OF FOURTH AMENDMENT PROTECTION AGAINST UNREASONABLE SEIZURE

25. The Defendant's actions violated Plaintiff's right to be free from state-occasioned damage to his bodily integrity protected by the United States Constitution Fourth and Fourteenth Amendment guarantees of due process, equal protection and to be free from unlawful seizure. It is well settled that if law enforcement officers use excessive force in making an arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated.

26. At all times material to this action, Defendant Officers had a duty under the Fourth Amendment to the Constitution of the United States to refrain from the use of excessive force in taking Plaintiff into custody.

27. As described above, each Defendant Officer, acting under color of state law, within the course and scope of his or her employment with Forest, Mississippi, either intentionally, or with reckless disregard, breached that duty, using excessive force upon the Plaintiff, an unconstitutional unreasonable seizure of his person, causing him great bodily harm, including, but not limited to pain, suffering, concussion, bleeding from the head, traumatic brain injury, nausea, headaches, loss of income and medical bills.

28. Defendant Forest, Mississippi failed to adequately train Defendant Officers in proper arrest procedures so as to insure that Defendant Officers did not violate the rights of a citizen to be free

from the excessive use of force.

29. Defendant Forest, Mississippi failed to adequately supervise Defendant Officers in order to insure that Defendant Officers did not violate the rights of a citizen by using excessive force when apprehending citizens.

30. As a direct and proximate result of one or more of the said wrongful acts or omissions of Defendants, Plaintiff suffered severe and permanent injury to his person, including, but not limited to pain, suffering, disability, mental anguish, humiliation, bleeding form the head, traumatic brain injury, concussion, nausea and severe and persistent headaches, and other injuries and damages which shall be proven at trial.

**COUNT 2**
**VIOLATION OF FOURTEENTH AMENDMENT GUARANTEE OF DUE PROCESS**

31. Plaintiff here re-alleges the allegations of paragraphs 1- 30 of this complaint, not inconsistent with this count, as if fully set forth herein.

32. The right to be free from state-occasioned damage to a person's body is protected by the Fourteenth Amendment's due process guarantees.

33. At all times material to this action, Defendant Officers had a duty under the Fourteenth Amendment to the United States Constitution to refrain from the use of excessive force in taking Plaintiff into custody.

34. Also, once in custody, one's right to be free from unlawful assault by a law enforcement officer is a definite and specific due process right which is protected by the Fourteenth Amendment to the United States Constitution.

35. Despite the fact that Plaintiff never posed any threat to any officer, he was hand-cuffed and yanked upon and thrown to the ground by one officer, and then taunted and struck in the head and sat on by her, and then beat, sprayed and tased by other officers, all while Plaintiff lay defenseless

on the floor of the restaurant, making no physical or verbal threats towards the officers whatsoever.

36. Defendant officers violated Plaintiff's constitutionally protected due process rights when they used excessive force in arresting Plaintiff.

37. Defendant City of Forest Mississippi failed to adequately train Defendant Officers in proper arrest procedures so as to insure that Defendant Officers did not violate the rights of a citizen to be free from the excessive use of force under the Fourteenth Amendment to the Constitution of the United States, and failed to adequately supervise Defendant Officers in order to insure that Defendant Officers did not violate the rights of a citizen by using excessive force when apprehending citizens.

38. As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Defendants, Plaintiff suffered sever and permanent injury to his person, including but not limited to pain, suffering, disability, mental anguish, humiliation, bleeding form the head, traumatic brain injury, memory loss, concussion, nausea, severe and persistent headaches, and other injuries and damages which shall be proven at trial.

## COUNT 3
## MONETARY CLAIM AGAINST CITY OF FOREST, MISSISSIPPI

39. Plaintiff here re-alleges the allegations of paragraphs 1- 38 of this complaint, not inconsistent with this count, as if fully set forth herein.

40. Defendant City of Forest, Mississippi is a municipal entity organized and existing under the laws of the State of Mississippi which operates, administers, maintains and controls the Forest, Mississippi Police Department as one of its executive branches or departments.

41. Defendant City of Forest has established policies and procedures for its Police Department regarding the use of force in apprehending and detaining suspects.

42. In establishing these procedures, Defendant City of Forest had a duty under the Fourth and Fourteenth Amendments to the United States Constitution to refrain from enforcing or continuing

in effect policies and procedures that created a substantial likelihood that suspects or detainees would be subjected to the use of excessive force by Forest, Mississippi police officers.

43. Notwithstanding its duties, Defendant City of Forest, Mississippi was and remains guilty of one or more of the following wrongful acts or omissions to act, in violation of the Plaintiff's Constitutional rights, in that it:

A. Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against Plaintiff,

B. Had a custom and practice of failing to independently and adequately investigate complaints of excessive force.

C. Had a custom and practice of failing to effectively discipline, train or retrain officers who wrongfully utilized excessive force.

D. Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in apprehending and detaining suspects.

E. Failed to establish appropriate policies and procedures to address and correct the repeated false arrest, abuse of process and malicious prosecution of citizens who become involved in altercations with the police.

F. Engaged in and allowed to continue custom and practices resulting in false arrest, abuse of process and malicious prosecution of citizens who become involved in altercations with the police.

## COUNT 4.
## STATE LAW CLAIMS OF ASSAULT AND BATTERY

44. Plaintiff here re-alleges the allegations of paragraphs 1-43 of this complaint, not inconsistent with this count, as if fully set forth herein. Plaintiff has complied with the Notice Provisions of the Mississippi Tort Claims Act concerning Plaintiff's state law claims. See attached exhibit "B" incorporated herein.

45. Defendant officers had a duty to refrain from causing injury to the Plaintiff through willful misconduct. Without sufficient reason therefore, each Defendant willfully and intentionally, and/or, as an accomplice and in concert and conspiracy with the other Defendants acting intentionally and wrongfully, engaged in unlawfully placing Plaintiff in fear of offensive bodily contact, by unreasonably screaming threats at him and taunting him and did engage in and cause offensive bodily contact with the person of the Plaintiff, throwing him to the floor and striking him in the face, head and body, while he lay defenseless on the floor of the restaurant, and then continuing to spray and tase him, all constituting assault and battery upon the Plaintiff; causing the Plaintiff great physical, emotional and economic harm and damages as described elsewhere herein.

46. Said acts, assault and battery by Defendant Officers upon the Plaintiff, were done with intent to cause grave bodily injury to Plaintiff, and without cause or provocation, and renders such Defendants civilly liable to Plaintiff.

47. As a direct and proximate result of Defendant Officers' acts as described herein, Plaintiff suffered great physical, emotional and economic harm and damage as described herein and to be proven at trial.

## COUNT 5
### NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS

48. Plaintiff here re-alleges the allegations of paragraphs 1- 47 of this complaint, not inconsistent with this count, as if fully set forth herein.

49. Defendant officers had a duty to exercise reasonable care towards the Plaintiff, to only arrest or attempt to arrest Plaintiff upon probable cause therefore; and if such probable cause existed, to then only use that force which was reasonably necessary under the circumstances.

50. Defendant officers had a duty to refrain from causing injury to the Plaintiff through negligence, gross negligence or reckless conduct.

51.     Defendant City of Forest Mississippi had a duty to hire and retain only those officers who were not a direct threat to the safety and well-being of it's citizens.

52.     Defendant City of Forest Mississippi had a duty to adequately train and supervise Defendant Officers in proper arrest procedures so as to insure that Defendant Officers did not violate the rights of a citizen to be free from the excessive use of force.

53.     Defendants herein, by negligence, gross negligence, or recklessness, breached each and every one of the aforementioned duties resulting in and being the proximate cause of great injury suffered by the Plaintiff as described elsewhere herein.

54.     Moreover, the Defendant City of Forest, Mississippi failed to perform and adhere to its statutory duty to enforce laws of the State of Mississippi and/or rules and/or policies of the Forest Police Department and/or the State of Mississippi minimum standards, designed to protect and benefit persons within the municipality. Such failure to perform the statutory duties, rules, regulations and policies imposed upon law enforcement agencies has caused great harm to the Plaintiff, as described herein.

55.     Plaintiff also pleads vicarious liability under the doctrine of respondeat superior.

56.     Moreover, and alternatively, a special relationship existed between the Defendant City of Forest and the Plaintiff, in that the Defendant held the Plaintiff in custody, thereby owing the Plaintiff a fiduciary duty, a duty to act with the highest degree of trust and confidence toward the Plaintiff, including the duty to treat him humanely, and reasonably, and not with excessive force, and a duty to take affirmative actions to protect it's ward from a known or likely peril, all of which the Defendants breached by using excessive force against him, and by failing to provide a for the safety and protection of the Plaintiff while others battered him.

## COUNT 6.
## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.     Plaintiff here re-alleges the allegations of paragraphs 1- 56 of this complaint, not inconsistent with this count, as if fully set forth herein.

58.     The actions of these Defendants have been outrageous, beyond the bounds of decency recognized by a civilized society and such Defendants have intentionally and/or negligently inflicted great emotional distress upon the Plaintiffs.

## COUNT 7.
## MALICIOUS PROSECUTION

59.     Plaintiff here re-alleges the allegations of paragraphs 1- 58 of this complaint, not inconsistent with this count, as if fully set forth herein.

60.     Defendants City of Forest, Mississippi, Will Jones, Maggie Moore-Dixon, and Duane Hawkins maliciously instituted and thereafter, maliciously continued criminal proceedings against Plaintiff, being two counts of assault upon a law enforcement officer, without probable cause therefore. Such malicious prosecution has caused the Plaintiff great harm, including, but not limited to: the loss of his liberty; bail bond fees; criminal defense attorney's fees in the amount of $20,000.00 and much emotional distress, humiliation and loss of income. Such charges and proceedings will ultimately be terminated in the Plaintiff's favor.

## COUNT 8.
## ABUSE OF PROCESS

61.     Plaintiff here re-alleges the allegations of paragraphs 1- 60 of this complaint, not inconsistent with this count, as if fully set forth herein.

62.     Moreover, Defendants City of Forest, Will Jones, Maggie Moore-Dixon and Duane Hawkins, by falsely arresting, accusing, and prosecuting the Plaintiff with false charges, have made an illegal and improper perverted use of the criminal process, a use neither warranted   nor

13

authorized by such process; each such defendant having an ulterior motive or purpose in exercising such illegal, perverted or improper use of process, resulting in damage to the Plaintiff, including, but not limited to: the loss of his liberty; bail bond fees; criminal defense attorney's fees in the amount of $20,000.00 and much emotional distress, humiliation and loss of income.

### COUNT 09.
### FALSE IMPRISONMENT

63.     Plaintiff here re-alleges the allegations of paragraphs 1- 62 of this complaint, not inconsistent with this count, as if fully set forth herein.

64.     Plaintiff had and has a right to be free from restraint of movement.

65.     On the 26th day of January, 2014, at the Waffle House restaurant in Forest Mississippi, Plaintiff was, by the reckless or intentional, malicious misconduct of the Defendant officers involved in his arrest, unlawfully detained, against the will of the Plaintiff.

66.     On the 30th day of January, 2014, Defendant's detention was unlawfully lengthened and aggravated by the malicious and false testimony of Defendants Maggie Moore Dixon and Duane Hawkins.

67.     Such false imprisonment of the Plaintiff caused the Plaintiff much emotional distress, psychological harm and mental anguish.

### COUNT 10.
### RATIFICATION

68.     Plaintiff here re-alleges the allegations of paragraphs 1- 67 of this complaint, not inconsistent with this count, as if fully set forth herein.

69.     Plaintiff pleads ratification on the part of the City of Forest, in that Plaintiff has notified Defendant City of Forest, via Will Jones, Chief of Police, Forest Mississippi, by written correspondence of March 28, 2014, that video evidence exists which proves that Plaintiff did not assault the Law Enforcement Officers involved, and that Forest, Mississippi law enforcement

officers assaulted and violated the civil rights of the Plaintiff on the day at issue, and requesting that all charges against Plaintiff be immediately dismissed. Said correspondence is attached hereto and incorporated herein as **Exhibit "A"**. In such communication, Plaintiff advised Chief Jones that the District Attorney of his District had been provided a copy of the video tape. Instead of viewing the evidence provided and immediately dismissing all felony charges against the Plaintiff as requested, or requesting that the District Attorney dismiss such charges, Defendant Municipality of Forest, Mississippi, via Chief Jones, has pressed on with the wrongful prosecution, did not discipline the officers involved, and has thereby ratified, acquiesced in and joined all actions of the three officers, including, but not limited to the unlawful, and/or intentional and/or reckless assault, battery, arrest, false imprisonment, abuse of process and malicious prosecution of the Plaintiff.

## DAMAGES

70.    Plaintiff hereby incorporates and adopts by reference all of the allegations and facts set forth in paragraphs 1. through 69. of the Complaint.

71.    As a direct and proximate result of these violations of the Plaintiff's rights as guaranteed him by the Fourth and Fourteenth Amendments to the United States Constitution, and the state law violations of negligence and gross negligence, reckless and intentional conduct, omissions, and deliberate indifferences of these Defendants, and ratification thereof by the City of Forest, Mississippi, Plaintiff has suffered severe physical, mental, economic and emotional harm and damages, including, but not limited to: pain and suffering; temporary blindness; shock to the body and mind; severe headaches; loss of sleep; memory loss; nausea; emotional distress; loss of liberty; loss of enjoyment of life; traumatic brain injury and concussion; humiliation; damage to reputation; medical expenses; pharmacy expenses; future medical expenses; bail bond fees; criminal defense attorney's fees in the amount of $20,000.00, and inability to find and maintain employment. But for the wrongful acts and omissions of the Defendants described herein, Plaintiff would not have

suffered such harm and damages.

## RELIEF REQUESTED

72.    Plaintiff hereby incorporates and adopts by reference all of the allegations and facts set forth in paragraphs 01. through 71. of the Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment from each and every defendant, whether currently named or to be named by amendment, whether a municipality or in an individual or official capacity, joint and several, for all actual damages to Plaintiff proximately resulting from each such Defendant's actions or omissions, in the amount of Three Million and No/100 ($3,000,000.00) Dollars as and for compensatory damages, and punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus attorney fees and costs, as provided in 42 U.S.C.A. §1988, plus pre and/or post judgment interest, as appropriate.

Respectfully submitted, this the 21 Day of August, 2014.

Mark Patterson, Plaintiff

By His Attorney,

_____
James L. Kelly

James L. Kelly, Esq. (MSB # 3557)
Kelly Law Office, P.C.
Post Office Box 1975
Brandon, Mississippi 39043
Telephone: (601) 825-6455
Facsimile : (601)825-6552